have our frequent and much respected visitor, Justice Souter, join us on the bench again today. Counsel are fortunate to be here today. There is a change in the list today. Cases number 13-2190 and 13-2274 have been removed. Otherwise, today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is 13-2268, United States v. Jorge Mercado. May proceed, Counsel. Thank you, Your Honor. Good morning, Your Honors. My name is Olan Thompson. I'm an assistant federal defender out of Providence, and I represent the appellant, Jorge Mercado. I will not be reserving any time for rebuttal, please. Your Honors, in this case, the district court committed an abuse of discretion in imposing certain supervised release conditions, those being conditions relating to contact with children in a work, residence, or general setting, and also an abuse of discretion in imposing conditions requiring sex offender counseling. The district court also committed plain error, Your Honors, when it delegated the authority to determine whether Mr. Mercado would have to undergo sex offender treatment to probation. And if Your Honors don't mind, I'd like to address that delegation issue first. May I ask you a question to lead off? Am I correct that you are not claiming that there was any delegation problem by the other conditions, the non-contact at work, et cetera, conditions, subject to their relaxation by the probation department? That's exactly right, Your Honor. And part of the reason for that is I think the case law generally holds clear that it's for the court to set limits, and then the probation officer is generally allowed to loosen those limits. But part of the delegation error in this case is that the district court actually said sex offender counseling is not required, but it was purely up to probation, so that it would be probation's decision, this administrative officer's decision, whether to make this significant penological decision. Let me then ask a second question, and that is since we're reviewing for plain error here, what is your argument to the effect that the fourth plain error prong is satisfied here? In other words, is it basically going to tarnish the judiciary in its position, its symbolism of fairness to say that probation can make the decision in the first place, as opposed to saying probation can, in fact, overrule, relax my decision in the second place? Isn't that a bit of a stretch? I don't think so at all, Your Honor, and I would refer, Your Honor, to the panel decision in Padilla. Padilla was dealing with limitation on the number of drug tests and whether the district court judge in that case had set a specific limitation. The panel in that case was reviewing for abuse of discretion in that way, and the panel found that delegating something like the means or the manner of a condition, in that case the number of drug tests, was not something that was so, did not strike the court as so fundamentally unfair. I think the court in- I'm confused, Counselor. Certainly, Your Honor. The panel opinion in Padilla was vacated. It was withdrawn. I'm sorry. That is of no force. You're right. The en banc court decided in Padilla that a delegation argument concerning the means and manner of drug testing was not plain error and violated neither the third nor the fourth prongs of plain error review. You're absolutely right. So it's the en banc that we're concerned about. And that is my mistake. That's what I was referring to, Your Honor, and obviously you're well aware of what that en banc decision says, but what that- So am I. What that en banc decision does clarify, however, is that the specific number of the means and manner of the execution of the special condition is not the kind of thing that strikes at fundamental fairness, but it makes a specific comparison to other sorts of delegations, which would be fundamentally unfair. And it gives the specific example in that case, I believe from the York opinion, of, for example, delegating to a probation officer the decision of whether, and there's an emphasis in that en banc decision on the word whether, whether a defendant would have to do polygraph testing. Similarly, in the Allen case, Your Honors, the court made the distinction between those kinds of means and manner issues in a mental health setting. If the court has only delegated where and how often a defendant would have to do mental health counseling, that's not a delegation error. But if the court was delegating the entire decision and the test the court adopted in Allen was if the defendant is required to participate in mental health intervention only if directed to do so by the probation officer, then this special condition constitutes an impermissible delegation of judicial authority. So my answer to Justice Souter's initial question about this fourth prong is that I think this court's jurisprudence in both Padilla and Allen made clear that while in Padilla there was a delegation error, it did not meet the plain error standard, but it did not meet that standard because it was not so shocking and not such a strong delegation of judicial authority in the court's Article III and statutory authority to impose sentencing. I guess I'm still struggling to understand how you distinguish the plain error analysis at fourth prong in Padilla from how it would be applied here. I find it difficult to understand what the distinction is, and with all due respect I'm not sure you've articulated in a way that at least I understand. Could you take one more shot at it, please? Certainly, Your Honor. In Padilla, the sentencing court ordered that drug tests were to be conducted. In the case before the court today, the sentencing judge did not order that sex offender treatment was to be conducted. In Padilla, the district court merely neglected to set a cap on the number of those tests. In this case, we have nothing like that. And what the court in Padilla held was that the neglect to set a cap was not so significant. Despite the fact that it was delegation error, it was not so significant to reach the plain error standard because it was merely a detail. It was not a significant penological decision, which the Padilla case said, a significant penological decision such as whether a defendant will have to undergo polygraph testing, that's the kind of thing that is significant and does strike at fundamental fairness. So the whether question is the one that this court has held, is an impermissible delegation, and in addition, it does strike at that fundamental fairness in the perception of the judiciary. If the public is of the opinion that probation officers get to impose these significant penological decisions, that strikes at the very authority of the court. Now, the government... I'm really baffled by this argument. I don't see how it can strike at the authority of the court when it's the court which has authorized it. I mean, there's a tautology there. Well, I disagree with your honor in that in this case, at the district court, the condition was imposed, and then it was objected to, and the court clarified that it was not required, that it would be entirely up to the decision of probation whether this counseling... You know, I understand that. So it seems to me that this argument, if I carry it to its logical extreme, is really setting the defendant up for a fall because if we were to rule that this condition, giving the probation officer discretion, was plain error and couldn't stand, we'd remand the case. As I read the transcript, Judge Smith almost certainly then would impose a condition mandating the testing. And how does that help the defendant? Well, I disagree, and I think as to the third prong, there is a reasonable probability that he would not mandate the testing. Based on what? Based on the fact, Your Honor, that when the defendant objected, the judge specifically said it's not required and characterized it as essentially a prophylactic authority that the probation can have in the future in case it's necessary. Which was a response to the question. Yes, Your Honor. If that response had not been a possible response, what do you think he would have done? I'm in the same boat with Judge Celia. If he is aware or would be aware as a result of the disposition of this case, it is perfectly okay to say you've got to do it, but they can relax my order. Obviously, the prudent thing for him to do if he has any concern about this particular issue is to say you've got to do it. But they can let you off if they want to. That's a possibility, but I would suggest that that's not a reasonable probability in this case. For one thing, the defendant is still pressing the abuse of discretion argument as to the sex offender counseling, just based on the characteristics of this particular defendant and this particular case. And that's in my briefing. You're saying the judge wouldn't do this because he might lose on a different claim. Absolutely not, Your Honor. But I'm saying I'm still pressing the issue today on the abuse of discretion issue. Of course, if you're correct on the abuse of discretion claim, then the delegation becomes moot. Absolutely, Your Honor. I'd sit down at this point, but I don't think I answered Judge Celia's last question on to this reasonable probability, and I would, if I could, just have a minute to address that. Sure, one minute. Your Honors, what the district court in this case essentially did was say sexual offender counseling is not required in this case. At the day of sentencing, based on the record before the court at sentencing, looking at this offender's characteristics and no sex offenses or child victimization offenses for over a decade, the sentencing judge at that time said this sort of counseling is not required. So I think there is a reasonable possibility if the judge knew at that time that he was not permitted to delegate that sort of decision to probation at that time, he would not have imposed the counseling. Because as of that date, the judge felt it was not required. Probation, if at a later date felt that sex offender counseling was necessary, they have the means to come before the court and ask to do that. And I would suggest to this court that where there is an impermissible delegation, which this is, it better upholds the authority of the court to require probation to come back to the court when there's a change in what's required, rather than impermissibly delegating and then requiring the defendant, if he's aggrieved later, to come back and try to clean that up. Thank you, Mr. Thompson. Thank you, Your Honors. Good morning. Donald Lockhart for the government. As to prong four, there is nothing fundamentally unfair about allowing the probation office to make the first cut assessment about whether a defendant should be required to undergo sex offense treatment. In fact, some people, just on pure policy grounds, might easily conclude that it's the wiser course of action because it's the probation officer who's most familiar with the defendant upon that defendant's release from prison. It's the probation officer who has an opportunity to talk with the defendant and perhaps people in the Bureau of Prisons who also have sex offender treatment for the inmates in the prison about whether this defendant is someone who could benefit from that therapy. Mr. Lockhart, are you urging us to make that determination in this case? Are you urging us to rule here, despite what seemed to be our precedence to the contrary with respect to other types of programs, that this was not an impermissible delegation? Under prong two, we are arguing that it was not plainly an unlawful delegation, in part because in the Padilla on Bonk decision, you get the suggestion that delegation problems really are problems only when the delegation in question offends a particular statute. Remember in the Melendez-Santana case, which gave rise to the drug testing delegation rule, which the Padilla on Bonk court applied, you had a particular statute which specifically said and expressed terms that judges had to decide the number of the drug tests, or at least impose limits on the number of drug tests. In Melendez-Santana, there was a ruling that the basic requirement for drug testing was an improper delegation, and that was based on our previous decision in Allen, which made a similar ruling with respect to psychiatric counseling. Well, you have to be careful about the Allen decision, because what the Allen decision implies is that it would be unlawful to delegate a psychiatric testing condition. However, the actual basis for the holding in Allen was that there was no delegation there, because only administrative details concerning that counseling had been delegated. So it's not even clear that Allen expresses a holding on the threshold point of whether you can delegate psychiatric counseling conditions. But more importantly, in the meanwhile, we have the Padilla on Bonk decision, which postdates Allen, and which seems to limit the Melendez-Santana holding, to say that delegation issues are not problematic for broad constitutional reasons. They're problematic when, as in the case of drug testing, Congress has said that a judge can't do the delegation in question. In all the other situations that we've been talking about outside of drug testing, psychiatric counseling, sex therapy, and drug treatment, for that matter, those are areas where there is no statute which prohibits the delegation. And so unless there is some sort of constitutional source which prohibits the delegation, it's not at least plain from our perspective that there is a delegation problem at all. But you don't need to address prong two, because prongs three and four are so much easier to decide. Well, it sounds like you really were making a prong four analysis. Well, I think prongs two and four overlap a little bit, in the sense that on prong four, the broader question is would it offend sort of our sense of justice to allow the probation officer to make this initial threshold decision about whether sex offender treatment is required. And we say no. In fact, on policy grounds, many people would think this is actually a wiser way to handle the situation. But beyond that, the defense is trying to draw, for purposes of prong four, a distinction between drug testing and sex offender therapy. And as we understand the argument, it's that somehow sex offender therapy encroaches more on the liberty of the defendant. Perhaps that's the argument. But that, from our standpoint, doesn't seem to be the case. You can have a situation where, for example, a probation officer has delegated authority to decide the number of drug tests in violation of Melinda, Santana, and Padilla. Now, let's say that probation officer imposes one test per week for the entire five years of the defendant's supervised release. That, from our standpoint, is a much more onerous situation than, for example, a probation officer saying, well, in the first few months of your freedom, you have to attend several sex offender therapy sessions. So the notion that sort of one condition of supervised release is more onerous or more sort of a threat to a defendant's liberty than the other seems to us to be incorrect. Each situation poses comparable threats to the defendant's liberty. In each situation, there's a potential that the defendant will later be found to have violated his supervised release conditions and have his supervised release revoked and spend more time in prison. So if you're trying to see differences between these two sets of conditions for purposes of prong four, it's just hard to see what those would be. But prong three presents an additional and independent barrier. There hasn't been much discussion about prong three, but basically the same two imponderables or unknown variables that existed in the Padilla-On-Bond case and in the later Sanchez-Barrios case exist here in the sense that, for all we know right now, the probation office won't order any sex offender treatment at all or will order such a limited number of treatment sessions that the defendant won't even bother to object or won't even care. Conversely, if anything, it would seem, as has been alluded to, that if the judge in this case had been forced to make a decision right at sentencing, fish or cut, bait, you know, yay or nay to sex offender treatment, the judge would have erred on the side of caution and imposed the condition. After all, the judge, in articulating the special conditions of supervised release, imposed this as a condition. It was only when the defense objected that the judge… Well, surely the judge did not question his own authority to order sex offender treatment if he thought it was appropriate that he do so, yet he apparently carefully chose not to do that and preferred to delegate that to the probation officer. That's not quite how it shook out. The judge actually initially ordered sex offender treatment and it was only after the defense objected that the judge said, well, you know, the probation officer has discretion not to require it. So we take the sequence of events to mean that the judge's sort of default presumption would be that there would be some form of sex offender treatment unless the probation office decided after the defendant's release from prison in consideration of the facts that exist at that time that it wasn't merited. And that's an important point. When you put a judge in a position to sort of forecast into the future and look at the facts after the defendant's been released from prison, it puts the judge in a difficult situation. This is why, in some sense, it makes so much more sense to have probation officers making the analysis upon the defendant's release from prison. There's certainly nothing in prong four anyway that makes it unfair to have it done that way. And when you think about it, you know, why should we have judges sort of peering into the future, perhaps four or five, six, seven, eight years down the line after the defendant gets released from prison to predict whether that defendant, having been incarcerated for X number of years, is somebody who really needs or doesn't need that therapy. So unless there are further questions. May I ask you, Mr. Lockhart, I understand your reservations about Allen, but in Melendez-Santana we read Allen as we stated it, and so if our law is that with respect to psychiatric counseling or drug treatment, those decisions cannot be delegated to probation, whether there should be such treatment at all. Are we out of step with other circuits in precluding delegation of those kinds of decisions? So I don't know if you're out of step with other circuits, but I would suggest you're out of step with the en banc decision in Padilla, which, as I was explaining before, makes, from our standpoint, clear that the problem with delegation is it's not some sort of a broad constitutional problem. It's that you have a statute, in that case the Drug Testing Statute 3583D, which specifically forbids, Congress specifically forbids the delegation in question, says that a judge has to decide the number of drug tests. We read the en banc opinion as saying that that is the basis for the delegation rule on drug testing in Melendez-Santana. Remember, there are two facets to Melendez-Santana. There's the drug testing part, and then there's the sex offender treatment part, which you're talking about. The Padilla en banc decision seems to limit the whole sort of delegation analysis, if you will, to examine whether Congress has actually forbidden the delegation in question. In other words, Padilla, the en banc decision, specifically rejected the notion that the drug testing delegation rule has some independent sort of constitutional platform that goes beyond the narrow statutory command in 3583D. Now, the Padilla en banc court made that observation in connection with, I think, the prong four analysis, granted. But from our standpoint, what it said on that point has substantive meaning on the threshold question of what is an unlawful delegation. And what we derive from the en banc opinion is that it's unlawful only when Congress, in some statute or rule, has prohibited it. Thank you, Mr. Lockhart. Thank you.